Jocelyn, in support of the demurrer. The plea relied upon by the defendant furnishes no legal objection to the present mode of proceeding. It may be true, and yet the plaintiff be entitled to another execution for his debt. To render such a plea available, it is necessary that it should state how, and by what means, the defendant was discharged, after being taken in execution; for it is the plaintiff's consent alone that will destroy the effect of the judgment. 1 Shower's Rep., 174; 1 Salk., 271; Barnes, 373; 4 Burr., 2483; 2 Mod., 136.
Unless the manner in which a defendant came out of custody be stated in a plea of this kind, it is to be presumed that he obtained his discharge by some of those means which still leave (148) the judgment in full force. He may have escaped, or the officer who took him may have suffered him to go at large, in neither of which cases would the plaintiff lose the benefit of his execution. The cases cited are conclusive.
Judgment for the plaintiff.
NOTE. — On the second point, see Langley v. Lane, 10 N.C. 313.